IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KERRI ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>URS ENERGY & CONSTRUCTION )<br>INC. )<br>)<br>Defendant. | Case No. 3:14-cv-02291 |

## AMENDED COMPLAINT

Comes the Plaintiff, Kerri Anderson, and would sue the Defendant, URS Energy & Construction, Inc., for sexual harassment and retaliation in violation of the Tennessee Human Rights Act.

## PARTIES

1. Kerri Anderson, (hereinafter "plaintiff"), is a resident of Tennessee.

2. URS Energy & Construction, Inc.,, (hereinafter "defendant"), is a foreign corporation doing business in Tennessee with its registered agent for service of process being CT Corporation System, Suite 2021, 800 S. Gay St., Knoxville, TN 37929.

3. Defendant is an employer as defined by the Tennessee Human Rights Act.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to diversity of citizenship 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds the statutory minimum in that the compensatory damages sought are $300,000.

5. At all times relevant to this litigation plaintiff worked for the defendant at a jobsite located in Sumner County Tennessee, commonly referred to as the Gallatin Tennessee Steam Plant.

6. The venue for a cause of action occurring in Sumner County Tennessee is the United States District Court for the Middle District of Tennessee.

## FACTS

7. Plaintiff worked for the defendant from approximately May 5, 2013 through December 9, 2013.

8. Plaintiff operated heavy equipment and was a member of Local Union 369 of the Operating Engineers.

9. Plaintiff was one of few female operators in the union and at the jobsite.

10. Plaintiff was subjected to sexual comments that were objectively offensive and subjectively offended plaintiff at work.

11. Plaintiff was also subjected to behavior toward her at work that was objectively offensive and subjectively offended the plaintiff. These actions were directed toward the plaintiff because of her gender.

12. Plaintiff was also subjected to behavior that would be characterized as dangerous and threatening at work. These actions were directed toward the plaintiff because of her gender.

13. Plaintiff complained about the sexual harassment and discrimination to supervisors at the jobsite. The complaints were not taken seriously and/or inadequate corrective action was taken to prevent the activities from continuing.

14. After reasonable efforts were made to have her employer stop the harassment, plaintiff went to TVA personnel and reported the behavior in an effort to get TVA personnel to assist in the prevention of the harassment and discrimination.

15. The complained of harassment and discrimination continued at plaintiff's jobsite through and including December of 2013.

16. Defendant retaliated against plaintiff for reporting the sexual harassment and discrimination, and laid plaintiff off on December 9, 2013.

17. Plaintiff's layoff for an alleged "reduction in force" was pretextual and other individuals were hired to perform the work in the place of plaintiff.

18. The real reason for Plaintiff's layoff was retaliation for complaining about the sexual harassment and discrimination that was occurring on the jobsite.

19. The complained of harassment and discrimination occurred on a regular basis and were not isolated events.

## CAUSES OF ACTION

20. Plaintiff adopts herein the facts set forth above in paragraphs 1 through 19 as though repeated herein.

21. Plaintiff suffered the sexual harassment and discrimination throughout her employment with Defendant in violation of Tennessee Human Rights Act.

22. Plaintiff suffered retaliation for complaining about offensive sexual harassment and discriminatory behavior, which constitutes a violation of the Tennessee Human Rights Act.

## DAMAGES

23. As a result of the harassment and discrimination, as described herein, that plaintiff was subjected to work, plaintiff has suffered embarrassment and humiliation, for which she is

entitled to all damages available under the Tennessee Human Rights Act, including resultant emotional injuries.

24. As a result of the retaliation, described herein, including the loss of her job, plaintiff has suffered financially, as well as suffering embarrassment and humiliation, including all accompanying emotional injuries due to her layoff and lack of work. Plaintiff therefore sues for lost wages and all other compensatory damages.

25. Plaintiff further sues for attorney's fees, court costs and discretionary costs if she is the prevailing party in this litigation, as authorized by the Tennessee Human Rights Act.

**WHEREFORE** plaintiff prays:

1. Plaintiff be allowed to file this complaint and that the defendant be required to answer the complaint in the time provided by law.

2. After the discovery process, this case is heard on its merits.

3. Plaintiff be awarded $300,000 in compensatory damages and all lost wages she suffered.

4. Plaintiff be awarded attorney's fees, court costs, discretionary cost, and all further relief to which she is entitled.

5. Plaintiff be awarded all further and general relief that the court feels is appropriate in this case.

Respectfully Submitted,

_s/ Stephen Crofford_____
Stephen Crofford #12039
Mary Parker #6016
**PARKER AND CROFFORD**
1230 2nd Ave. S.
Nashville, TN 37210
615-244-2445
stephencrofford@msn.com
mparker@parker-crofford.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this 25th day of March, 2015, filed this amended complaint Using the Court's CM/ECM filing system, which will automatically send e-mail notification of such filing to the following attorney's of record:

James R. Mulroy II
Jackson Lewis P.C.
999 Shady Grove Rd., Suite 110
Memphis TN 38120
mulroyj@jacksonlewis.com

s/Stephen Crofford_____
Stephen Crofford