UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KERRI ANDERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:14-cv-02291 |
| | ) | Judge Aleta A. Trauger |
| URS ENERGY & CONSTRUCTION, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Strike Jury Request filed by the plaintiff Kerri Anderson (Docket No. 42), to which the defendant URS Energy & Construction, Inc. ("URS") has filed a Response (Docket No. 47). For the reasons discussed herein, the motion will be denied.

## BACKGROUND

This is an employment action under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et. seq*., originally filed by Ms. Anderson on November 24, 2014. (Docket No. 1.) The initial complaint in this action incorrectly named URS Corporation Southern ("Southern"), rather than URS, as the defendant. (*Id*.) On December 29, 2014, Southern, represented by the law firm Jackson Lewis P.C. of Memphis Tennessee, filed an Answer denying that it was the proper defendant to this action. (Docket No. 5.)

On February 19, 2015, URS, also represented by Jackson Lewis, filed a Joint Proposed Case Management Order, along with Ms. Anderson. (Docket No. 9.) This proposed order explained that Ms. Anderson had incorrectly named Southern in the initial complaint but that URS had retained counsel. It further provided that Ms. Anderson be allowed to file an amended

1

complaint to name URS as the proper defendant. The proposed order did not make any indication as to whether there should be a bench trial or a jury trial in this matter. On February 23, 2015, following a Case Management Conference with counsel for URS and counsel for Ms. Anderson (*see* Docket Nos. 3, 10), the court issued a Case Management Order, allowing Ms. Anderson to file an amended complaint "naming the correct employer." (Docket No. 12.) The Case Management Order also set pretrial deadlines, including a deadline of March 31, 2016 for the parties to file dispositive motions. On the same day, the court issued a separate Order setting a bench trial for August 2, 2016, scheduling a pre-trial conference for July 29, 2016, and setting other deadlines for pre-trial filings. (Docket No. 13.)

On March 25, 2015, pursuant to the Case Management Order, Ms. Anderson filed an Amended Complaint, changing the named defendant from Southern to URS, but making no other substantive changes. (Docket No. 21.)

On April 10, 2015, URS filed an Answer to the Amended Complaint, adding the words "Jury Trial Demanded" to the case caption and "Demand for Jury Trial" in the body of the document. (Docket No. 22.) The Answer contains no further discussion of URS's jury trial request.

On March 31, 2016, URS filed a Motion For Extension of Time to file a Dispositive Motion and Memorandum in Support, requesting an extension to the deadline for dispositive motions from March 31, 2016 to April 27, 2016. (Docket No. 30.) A footnote in this Motion states:

> The extension likely also will not operate to delay the trial of this matter, but the trial date may need to be changed in any event. Subsequent to the Court's entry of its February 23, 2016 Order Setting Bench Trial (Doc. 13), the Plaintiff served an Amended Complaint (Doc. 21), which was her last pleading directed to the issues in this case. Defendant thereafter, in accordance with Fed. R. Civ. P. 38(b), timely served and filed a jury demand in its Answer to Amended Complaint (Doc.

22). Accordingly, Defendant anticipates filing soon a motion to set jury trial, which may result in a new trial date.

(*Id*. at 4, n.2.) On April 5, 2016, the court granted this Motion, without any discussion of the jury trial request. (Docket No. 33.)

On April 25, 2016, URS filed another Motion for Extension of Time to File a Dispositive Motion, this time seeking to extend the deadline for filing its dispositive motion to May 11, 2016. (Docket No. 34.) This Motion contains the same language quoted above regarding URS's jury trial request (Docket No. 34 p. 4, n.2.), and it also cites two cases for the proposition that URS's jury trial demand is proper and should be honored: *Nat'l Union Elec. Corp. v. Young*, 434 F.2d 986 (6th Cir. 1970) and *Reliance National Insurance Co. v. Royal Indemnity Co.*, No. 99 Civ. 10920, 2001 WL 1182852 (S.D.N.Y. Oct. 5, 2001) (Docket No. 34 p. 3, n.1.). On April 26, 2016, the court issued an Order granting URS's Motion and extending the deadline for the parties to file dispositive motions until May 11, 2016, again without any discussion of the possibility of a jury trial request. (Docket No. 35.)

To date, URS has not filed a motion to set a jury trial, nor has either party filed a motion to amend the Order setting a bench trial for August 2, 2016.

On May 24, 2016, Ms. Anderson filed a Motion to Strike Jury Request, requesting that the court deny URS's jury trial demand and continue with the bench trial as scheduled. (Docket No. 42.) On June 10, 2016 URS filed a Response in Opposition. (Docket No. 47.)

## **ANALYSIS**

Federal Rule of Civil Procedure 38(b) states:

> On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).

Even where a jury trial has not been properly demanded, a court "may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

URS filed its demand for a jury trial as part of its Answer to the Amended Complaint, which is the last pleading on the issues in this matter. Ms. Anderson cites *Barron v. Bankers Life & Casualty Co.*, 288 F.R.D. 187 (W.D. Tenn. 2012), to support the argument that the court should, nevertheless, deny URS's jury request because the Amended Complaint raises no new factual allegations that were not included in the initial complaint. Indeed, *Barron* held that plaintiffs could not rely on an amended pleading to revive their right to demand a jury trial under Rule 38(b), where the facts added to the amended pleading did not constitute substantive changes to the underlying allegations, and where the co-plaintiff added by the amended pleading had no interests that were not entirely aligned with the plaintiff who filed the original complaint. 288 F.R.D. at 190-91 (citing *Irvin v. Airco Carbide,* 837 F.2d 724 (6th Cir. 1987)). While the Amended Complaint in this action does not add any additional facts not included in the original complaint, the simple fact than a different party is named as the defendant, one whose connection to the case is entirely different from that of the originally named defendant (now out of the case), is certainly a substantive change to the pleadings.

Ms. Anderson argues that, because three months passed between the filing of the original Complaint and the filing of the Amended Complaint, and because during that time, URS obtained counsel, participated in the Case Management Conference, and filed a joint proposed Case Management Order that did not reference a jury trial request, URS's jury demand is, nevertheless, untimely. The court disagrees. While the parties certainly could have contemplated the demand for a jury trial in drafting the proposed Case Management Order, and URS could have made its request for a jury trial known prior to the filing of its Answer to the

Amended Complaint, there is no legal basis for finding that URS was obligated to do so. Further, even if URS did not timely request a jury trial, it is within the court's discretion to grant this request under Rule 39(b), just as the district court ultimately did in *Barron*. 288 F.R.D. at 192 (exercising the court's discretion to grant a jury trial where the plaintiffs "made the request for a jury trial at an early stage of the proceeding," and "there is no suggestion that granting the [jury trial request] would cause prejudice to [the defendant] or interference with the court's schedule").

The Sixth Circuit has held that, under Rule 39(b), a court should lean in favor of granting a jury trial, absent strong compelling reasons to the contrary. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004, 1013 (6th Cir. 1987). A compelling reason to deny a jury request, under this rule, would include evidence of prejudice to the opposing party or evidence that the opposing party would have prepared its case differently had it known that a jury trial might ensue. *Moody v. Pepsi-Cola Metro. Bottling, Co.*, 915 F.2d 201, 207-08 (6th Cir. 1990)

Ms. Anderson has not put forth any evidence or argument to show that she would be prejudiced by a jury trial in this matter or that she would have prepared her case differently, had she known that there would be a jury trial. In fact, she was arguably on notice of the potential for a jury trial from the time that URS filed its Answer, well over a year ago. Because this issue had not yet been resolved as of the deadline for dispositive motions, Ms. Anderson insinuates that URS's jury request in this matter is akin to URS requesting a jury trial only *after* receiving an adverse ruling on summary judgment, in order to avoid having the factual findings in this matter determined by the court once the court has already ruled against it. In making this argument, Ms. Anderson overlooks that URS's jury trial request dates back to April of 2015 and that, as of Ms. Anderson's filing of the instant motion, URS's dispositive motion was still

5

pending. In fact, URS filed its jury demand only three months after the filing of the initial complaint in this action, and long before any substantive issues had been decided.

Accordingly, there are no compelling reasons, nor is the court aware of any legal basis, to deny URS's jury request.

## **CONCLUSION**

For the foregoing reasons, the Motion to Strike Jury Request is hereby **DENIED**. The Order setting this case for a bench trial on August 2, 2016 (Docket No. 13) is hereby **VACATED**. The court will issue a separate order setting this case for jury trial on the same date.

It is so **ORDERED**.

Enter this 17th day of June 2016.

_____
ALETA A. TRAUGER
United States District Judge